HON. ARTHUR LEVITT Chairman New York State Emergency Financial Control Board for the City of Yonkers
This is in response to Mrs. Volk's letter received September 13, 1976, wherein she asked for my opinion as to whether the New York State Emergency Financial Control Board for the City of Yonkers is an "Agency" within the meaning of the State Administrative Procedure Act.
The New York State Financial Emergency Act for the City of Yonkers was enacted by chapter 871 of the Laws of 1975 in November, 1975, to take effect immediately. Section 6(1) contained in said Act, provides, in part:
 "1. The membership of the board shall be, the comptroller (pursuant to his authority to supervise the accounts of any political subdivision of the state), the mayor, the city manager, the secretary of state and three members appointed by the governor with the advice and consent of the senate. Such appointed members shall serve at the pleasure of the governor. The comptroller shall be the chairman of the board and he or his representative shall preside over all meetings of the board. * * *"
Section 5 of said Act provides, in part:
 "There is hereby created the New York state emergency financial control board for the city of Yonkers. The board shall be a governmental agency and instrumentality of the state and it shall have such powers and functions as are set forth in this act." (Emphasis supplied.)
As Mrs. Volk pointed out, the Board was created to bring the emergency financial condition of the City of Yonkers under control and is temporary in nature to terminate in 1977 at the end of the emergency.
Section 7 of said Act provides for the functions of the New York State Emergency Financial Control Board for the City of Yonkers including subdivision 1(b), providing:
 "b. As set forth in section nine, the board shall establish and adopt procedures with respect to the deposit of revenues of the city and the covered organizations in the fund and the disbursement of monies from the fund."
Section 7(1) (e) (i) of said Act, further provides, in part:
 "(i) Within twenty days from the effective date of this act the city manager shall present to the board proposed regulations respecting the categories and types of contracts and other obligations required to be reviewed by the board pursuant to this subdivision. Within thirty days from the effective date of this act, the board shall approve or modify and approve such proposed regulations or promulgate its own in the event that such proposed regulations are not submitted to it within the twenty days as provided for herein. * * *"
(Emphasis supplied.)
On June 3, 1975, chapter 167 of the Laws of 1975, was enacted into law, effective September 1, 1976, providing for the State Administrative Procedure Act. Section 102(1) contained in said Act, defines an "Agency" in part:
 "1. `Agency' means the state or any state department, including any board, bureau, commission, division, office, council, or officer therein, or a public benefit corporation or public authority at least one of whose members is appointed by the governor, authorized by law to make rules or to make final decisions in adjudicatory proceedings * * *." (Emphasis supplied.)
Section 102(2) (a), contained in said Act, defines the term "Rule", as follows:
 "2. (a) `Rule' means (i) the whole or part of each agency statement of general applicability or regulation or code that implements or applies law, or prescribes the procedure or practice requirements of any agency, including the amendment, suspension or repeal thereof and (ii) the amendment, suspension, repeal, approval or prescription for the future of rates, wages, security authorizations, corporate or financial structures or reorganization thereof, prices, facilities, appliances, services or allowances therefor or of valuations, costs or accounting, or practices bearing on any of the foregoing whether of general or particular applicability."
Subdivision 2(b) of section 102, provides, in part:
 "(b) Not included within paragraph (a) of this subdivision are:
 "(i) rules concerning the internal management of the agency which do not directly and significantly affect the rights of or procedures or practices available to the public * * *." (Emphasis supplied.)
The New York State Financial Emergency Act for the City of Yonkers, § 5, designates the New York State Emergency Financial Control Board for the City of Yonkers as "a governmental agency and an instrumentality of the State" but it is not a State board in the definition of "Agency" found in the State Administrative Procedure Act, § 102(1), since it is not authorized by law to make rules as contemplated within the definition of "Rule" found in the State Administrative Procedure Act, § 102(2) (a) (i). The New York State Emergency Financial Control Board for the City of Yonkers is authorized to provide procedures relating to deposits of revenues of the City of Yonkers and the disbursements of monies from the fund. (New York State Financial Emergency Act for the City of Yonkers, § 7[1] [b].) The Board, in section 7(1) (e) (i) of the New York State Financial Emergency Act for the City of Yonkers, is further authorized to review regulations presented to it by the City Manager of the City of Yonkers relating to categories and types of contracts required to be reviewed by the Board or promulgate its own regulations when such required regulations are not timely submitted to it. Such rule making powers, being internal in nature, are excluded from the definition of "Rule" as described in the State Administrative Procedure Act., § 102(2) (a) (i) by specific exception contained in subdivision 2(b). Furthermore, the New York State Financial Emergency Act for the City of Yonkers is replete in minute detail as to the powers and duties of the New York State Emergency Financial Control Board for the City of Yonkers; and therefore, the language contained in State Administrative Procedure Act, §102(2) (a) (ii) is not applicable to rule making powers of the New York State Emergency Financial Control Board for the City of Yonkers since such rules have already been "implemented" (State Administrative Procedure Act, § 102[2] [a] [i]) by the State Legislature in the New York State Financial Emergency Act for the City of Yonkers.
Nor do I find any authority whereby the New York State Emergency Financial Control Board for the City of Yonkers is empowered to make "final decisions in adjudicatory proceedings" as referred to in the State Administrative Procedure Act, § 102(1).
From all of the foregoing, I conclude that the New York State Emergency Financial Control Board for the City of Yonkers is not an Agency within the meaning of the State Administrative Procedure Act.